

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT KROUPA, individually and derivatively on behalf of GARBUS KROUPA ENTERTAINMENT, LLC, | )<br>)<br>)<br>) |
| Plaintiff, | ) No. 08 C 2691 |
| v. | )<br>) Judge Ruben Castillo |
| JAMES D. GARBUS, | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION & ORDER

Plaintiff Robert Kroupa ("Kroupa") filed this action in state court alleging breach of contract and related claims on behalf of himself and Garbus Kroupa Entertainment, LLC ("GKE") against Defendant James Garbus ("Garbus"). (R. 1, Not. of Removal, Ex. A, Compl.) Garbus removed to this Court on the basis of diversity jurisdiction. (*Id.*) Presently before the Court is Kroupa's motion to remand. (R. 8, Pl.'s Mot. to Remand.) For the reasons stated below, the motion is granted.

## RELEVANT FACTS[1]

Kroupa is an Illinois citizen with an interest in the film industry.[2] (R. 1, Not. of Removal, Ex. A, Compl. ¶ 2.) Garbus is a New York attorney with contacts and experience in the film

---

[1] Courts may look outside the complaint when considering a motion to remand, and the removability of a case is determined from the record as a whole. *See Harmon v. OKI Systems*, 115 F.3d 477, 479-80 (7th Cir. 1997).

[2] Although the notice of removal improperly alleges the residence of the parties rather than their citizenship, the citizenship of the parties is not in dispute in this case. (*See* R. 18, Def.'s Opp. to Mot. to Remand ("Def.'s Opp.") at 1; R. 22, Pl.'s Reply at 1.) Thus, this error does not require dismissal. *See Macken ex rel Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003).

1

industry. (*Id.* ¶ 5.) In December 2005, Kroupa and Garbus entered into a business partnership for the purpose of developing and financing motion pictures, specifically a film entitled, "Save Me." (R. 1, Not. of Removal, Ex. A, Compl. ¶¶ 1, 8, 13.) This business relationship was formalized with the creation of GKE, a Delaware limited liability company ("LLC"). (*Id.* ¶¶ 8-11.) GKE has only two member-managers: Kroupa and Garbus. (*Id.* ¶ 11.) GKE is governed by the terms of an LLC operating agreement ("LLC Agreement"). (*Id.* ¶¶ 8-11.)

The basic structure of GKE required Kroupa to contribute cash to develop the motion picture project and directed Garbus to oversee the project to ensure proper production and distribution. (*Id.* ¶ 9.) Kroupa agreed to invest approximately $1.3 million in "Save Me," subject to various terms and conditions. (*Id.*) According to Kroupa, the parties agreed that he would be entitled to recover his entire cash investment plus an additional 20 percent return before any profits, cash flow, or other distributions were made to Garbus (the "120 Percent Return Provision"). (*Id.* ¶ 10.) After Kroupa received this initial return on his investment, any remaining profits would be distributed on a 60/40 basis, with 60 percent going to Kroupa and 40 percent going to Garbus. (*Id.*)

In the course of drafting the LLC Agreement, Garbus allegedly spoke with Kroupa's attorney, a Chicago-based real estate attorney named Elka Geller Nelson ("Nelson"), about adding the 120 Percent Return Provision to the LLC Agreement via a side letter agreement. (*Id.* ¶¶ 14, 15.) This side letter agreement is expressly referenced in Section 10.13 of the LLC Agreement, but unbeknownst to Kroupa, the side letter agreement did not contain the 120 Percent Return Provision. (R. 18-3, Def.'s Opp., Ex. 1(A), LLC Agreement § 10.13; R. 1, Not. of Removal, Ex. A, Compl. ¶¶ 16-17.) Kroupa asserts that the omission of this provision was

2

either a mutual mistake by the parties or fraud by Garbus. (R. 1, Not. of Removal, Ex. A, Compl. ¶ 34.)

Kroupa further alleges that, based on Garbus' oral assurances that the 120 Percent Return Provision was binding between them, Kroupa invested an additional $9 million, beyond the initial $1.3 million for "Save Me," for the development of four additional films. (*Id.* ¶¶ 27-29.) Kroupa alleges that despite his financial investment in these projects, GKE has not distributed any films theatrically, and has distributed only one film on video. (*Id.* ¶¶ 30-31.) Kroupa further alleges that Garbus has failed to pay him any profits generated by the lone video release. (*Id.* ¶ 31.)

## PROCEDURAL HISTORY

In March 2008, Kroupa filed a complaint in the Circuit Court of Cook County, Illinois, asserting individual claims against Garbus for reformation, declaratory relief, breach of contract, breach of fiduciary duty, removal as manager, and inspection of documents and accounting, and derivative claims on behalf of GKE for breach of fiduciary duty and removal as manager. (R. 1, Not. of Removal, Ex. A, Compl.) On May 8, 2008, Garbus filed a Notice of Removal pursuant to 28 U.S.C. § 1441, asserting that jurisdiction was proper under 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. (R. 1, Not. of Removal ¶ 7.) Kroupa moves to remand, arguing that GKE's presence in this case destroys complete diversity. (R. 8, Pl.'s Mot. to Remand.) Conversely, Garbus argues that "the citizenship of the LLC here is not controlling for diversity purposes because it is not a real party to the controversy." (R. 18, Def.'s Opp. at 2.)

3

## LEGAL STANDARD

A defendant may remove a case to federal court if there is basis for federal subject matter jurisdiction. 28 U.S.C. §§ 1441(a), 1446. The party seeking removal bears the burden of establishing federal jurisdiction. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). The Court must interpret the removal statute narrowly, and any doubts regarding jurisdiction are resolved in favor of remand. *Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.*, 224 F.3d 708, 715-16 (7th Cir. 2000); *Fischer v. Hartford Life Ins. Co.*, 486 F. Supp. 2d 735, 738 (N.D. Ill. 2007).

## ANALYSIS

In determining whether there is diversity jurisdiction, the Court must "disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980). For diversity purposes, an LLC is a citizen of every state in which its members are citizens. *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006). GKE is thus a citizen of both Illinois and New York, and so if GKE is a proper party to this action, complete diversity will be lacking, since Garbus is also a citizen of New York. Kroupa argues that GKE is a proper party in this case and that the derivative claims raised in the complaint are properly brought in the name of GKE. (R. 8, Pl.'s Mot. to Remand at 4; R. 22, Pl.'s Reply at 2-12.) Garbus, on the other hand, argues that GKE is not a real party in interest because, despite their label, the derivative claims brought by Kroupa are actually individual claims. (R. 18, Def.'s Opp. at 1.)

Under Federal Rule of Civil Procedure 17(a), "an action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). When considering whether an LLC is a real

party in interest, the Court must look to the law of the state under which it was organized. *See* Fed. R. Civ. P. 17(b). The law of the state of organization also governs whether a plaintiff may bring a derivative claim on behalf of an LLC. *See In re Gen. Instrument Corp. Sec. Litig.*, 23 F. Supp. 2d 867, 871 (N.D. Ill. 1998). GKE is a Delaware LLC, and thus Delaware law controls whether Kroupa may bring a derivative claim on behalf of GKE.

Under Delaware law, a member of an LLC may bring a derivative action on behalf of a limited liability company "to recover a judgment in its favor if managers or members with authority to do so have refused to bring the action or if an effort to cause those managers or members to bring the action is not likely to succeed." 6 Del. Code Ann. § 18-1001. Since Delaware law explicitly allows for LLC members to bring derivative claims, the only remaining question is whether the claims alleged are properly characterized as derivative claims. If these claims are derivative, then complete diversity is lacking and the case must be remanded to state court.

Determining whether the claims alleged are individual or derivative also requires the Court to look to Delaware law. *See Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 645 (7th Cir. 2006) (questions of whether claim belongs to corporation is question of incorporating state's law); *Bagdon v. Bridgestone/Firestone, Inc.*, 916 F.2d 379, 382-83 (7th Cir. 1990) (looking to Delaware law to determine whether claim by stockholder of Delaware corporation was derivative). Delaware courts have held that case law governing corporate derivative suits is applicable to derivative suits brought on behalf of an LLC. *See VGS, Inc. v. Castiel*, No. 17995, 2003 WL 723285, at *11 (Del. Ch. Feb. 28, 2003); *Gotham Partners, L.P. v. Hallwood Realty Partners*, L.P., No. 15754, 1998 WL 832631, at *5 n. 14 (Del. Ch. Nov. 10, 1998); *Litman v.*

5

*Prudential-Bache Props., Inc.*, 611 A.2d 12, 15 (Del. Ch. 1992). To determine whether a claim is individual or derivative, the Court must consider two issues: (1) who suffered the alleged harm; and (2) who would receive the benefit of any recovery or other remedy. *Feldman v. Cutaia*, 951 A.2d 727, 732 (Del. 2008); *In re Syncor Int'l Corp. S'holders Litig.*, 857 A.2d 994, 996 (Del. Ch. 2004); *see also Metro Commc'n Corp. BVI v. Advanced Mobilecomm Tech., Inc.*, 854 A.2d 121, 167-68 (Del. Ch. 2004) (applying test in case involving LLC). Here, Kroupa brings two purportedly derivative claims: Count V for breach of fiduciary duty; and Count VI for removal as manager. (R. 1, Not. of Removal, Ex. A, Compl. ¶¶ 50-60.)

In Count V, Kroupa alleges that Garbus mismanaged GKE by, among other things, committing GKE to invest excessive and imprudent amounts of money; failing to obtain outside financing for projects in which GKE invested; failing to negotiate agreements that gave GKE management or ownership control; failing to obtain an auditor; allowing GKE's largest project to go substantially over budget; and mishandling distribution opportunities on projects in which GKE invested.[3] (*Id.* ¶ 52.) Under Delaware law, a managing agent's duty to manage the affairs of an entity is owed to the entity itself, and a claim based on the breach of this duty is therefore derivative. *See Dieterich v. Harrer*, 857 A.2d 1017, 1027-28 (Del. Ch. 2004) (breach of duty to properly manage affairs of corporation is derivative claim); *Litman*, 611 A.2d at 15-16 (claim that general partners of LLC breached fiduciary duty by inadequately monitoring investments and

---

[3] This claim is distinct from Count IV, the breach of fiduciary duty claim alleged by Kroupa individually. In Count IV, Kroupa alleges, among other things, that Garbus breached his fiduciary duty to Kroupa by failing to disburse profits and interest to Kroupa in accordance with the LLC Agreement. (R. 1, Not. of Removal, Ex. A, Compl. ¶ 47.) As the Seventh Circuit has recognized, "[o]ften a single series of events gives rise to both direct and derivative litigation." *Bagdon*, 916 F.2d at 381.

6

otherwise mismanaging LLC was derivative). Further, any monetary recovery for breach of these obligations would inure to GKC, rather than to its members personally. *See Dieterich*, 857 A.2d at 1028. Accordingly, the Court concludes that Count V is properly raised as a derivative claim.

In Count VI, Kroupa seeks to have Garbus removed as a manager of GKE. (R. 1, Not. of Removal, Ex. A, Compl. ¶¶ 56-60.) Kroupa alleges that Garbus' removal is warranted in part because Garbus breached duties owed to GKE. (*Id.*) Under Delaware law, the LLC must be named as a party in a case seeking removal of a manager. 6 Del. Code Ann. § 18-110(a). Because GKE is an indispensable party to this claim, the Court must consider GKE's citizenship in determining whether there is complete diversity.

The cases Garbus relies on do not warrant a contrary result. (*See* R. 18, Def.'s Opp. at 2-4.) For instance, *Nat'l Ass'n of Realtors v. Nat'l Real Estate Ass'n*, 894 F.2d 937 (7th Cir. 1990), involved an association purporting to sue on behalf of its members. The Seventh Circuit concluded that the citizenship of the members, rather than the citizenship of the association, was determinative because the claim was based entirely on a wrong directed to the members, and the association itself had suffered no injury. *Id.* at 939-40. Similarly, *Northern Trust Co. v. Bunge Corp.*, 899 F.2d 591, 595 (7th Cir. 1990), involved a corporation suing, in essence, "as an agent representing the interests of others." Because the corporation had no actual stake in the litigation, the proper focus was the citizenship of the individual sellers of the stock that the corporation was representing. *Id.* Finally, in *CCC Info. Servs. v. Am. Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000), the Seventh Circuit reaffirmed the general principle that it is the citizenship of the real party in interest, not simply the named party, that is determinative for purposes of diversity jurisdiction. The Court then held that the corporation was the real party in

interest because the defendant had allegedly breached a contractual obligation owed to the corporation itself. *Id.* at 347. In this case, Kroupa has alleged that Garbus breached duties owed specifically to GKE, and that GKE was injured as a result. The Seventh Circuit case law cited by Garbus lends further support for the conclusion that the citizenship of GKE must be considered in determining whether the parties are diverse.

Garbus' reliance on *Navarro* is also unavailing, since that case held that trustees who have legal title to trust property, rather than trust beneficiaries, are the proper parties to consider for diversity purposes. *Navarro*, 446 U.S. at 463. As the Supreme Court cautioned, the case has no application to corporations or other business entities. *Id.* at 463 n. 10 ("The Court never has analogized express trusts to business entities for purposes of diversity jurisdiction"); *see also Northern Trust Co.*, 899 F.2d at 595 ("*Navarro* merely holds that trustees who have legal title to trust property and who sue in their own names are the proper parties to consider in testing diversity."); *Perrault v. Prime Hospitality Group*, No. 06-1099, 2006 WL 2598270, at *3 (S.D. Ind. Sept. 8, 2006) (recognizing limited holding of *Navarro* and rejecting its application to case involving limited partnership).

Based on the foregoing, GKE is properly named as a plaintiff in this case. Because GKE is a citizen of both New York and Illinois and Garbus is a citizen of New York, complete diversity is lacking. Accordingly, this case must be remanded to state court.

As a final matter, Kroupa argues that he is entitled to an award of costs and attorneys fees for Garbus' improper removal of this case. (R. 8, Pl.'s Mot. to Remand at 5.) While 28 U.S.C. § 1447(c) allows the Court to award costs, including attorney fees, along with an order for remand, fees will only be awarded if, at the time of the removal, the defendant "lacked an

objectively reasonable basis for seeking removal." *Lott v. Pfizer*, 492 F.3d 789, 793 (7th Cir. 2007). If the defendant had an objectively reasonable basis for seeking removal, even if it is later determined that removal was not proper, costs and fees should not be awarded. *Id.* at 792-93. Given the relatively sparse amount of case law addressing limited liability company derivative claims and the validity of those claims for determining diversity jurisdiction, the Court concludes that Garbus' removal was not objectively unreasonable. Accordingly, an award of costs and fees is not warranted.

## CONCLUSION

For the reasons set forth above, Kroupa's motion to remand (R. 8) is granted, and this case is remanded to the Circuit Court of Cook County for lack of subject matter jurisdiction in accordance with 28 U.S.C. § 1447(c).

Entered: _____

Judge Ruben Castillo
United States District Court

Dated: October 27, 2008